**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOSE GIOVANNI HERNANDEZ TORRES, | : : : : | |
| Petitioner, | : : | Civil Action No.: 13-6266 (SDW) |
| v. | : : | OPINION |
| ERIC H. HOLDER, JR., et al., | : : | |
| Respondents. | : : | |

**APPEARANCES:**

> JOSE GIOVANNI HERNANDEZ TORRES, Petitioner *Pro Se*
> A 044 182 542
> Etowah County Detention Center
> 827 Forrest Avenue
> Gadsden, Alabama 35901

**WIGENTON**, District Judge

Petitioner Jose Giovanni Hernandez Torres is an immigration detainee confined at the Etowah County Detention Center in Gadsden, Alabama, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

challenges his mandatory detention during his immigration removal proceedings and seeks his release from custody. For the reasons stated below, this action is dismissed for lack of jurisdiction.

## I. BACKGROUND

Petitioner is a native and citizen of El Salvador. (Petition at 2.) He challenges his mandatory and prolonged detention without a bond hearing during the pendency of his removal proceedings, claiming that such prolonged detention violates his right to due process under the Fifth Amendment. (*Id*. at 4.) Petitioner claims that he has been detained for a period of eight months. (*Id*. at 5.)

At the time that he filed this petition, Petitioner was detained, and still is detained, at the Etowah County Detention Center in Gadsden, Alabama. He has named as party Respondents in this case, Eric H. Holder, Jr., Attorney General for the United States; Roy L. Hendricks, Warden at the Essex County Correctional Facility in Newark, New Jersey; and John Tsoukaris, Director for the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE"). (*Id*. at 2, and Caption.)

2

II. ANALYSIS

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions." Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.

In addition, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). Thus, the only proper respondent to a habeas petition challenging current confinement is the warden of the facility where the prisoner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (involving the question who was the proper respondent in a § 2241 petition filed by a United States citizen designated as a federal "enemy combatant," and confined in a navy brig in South Carolina on a material witness warrant issued by the U.S. District Court for the Southern District of New York) (citations omitted); *Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

The proviso that district courts may issue the writ only "within their respective jurisdictions" forms an important

corollary to the immediate custodian rule in challenges to present physical custody under § 2241.  Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions:

> Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

*Padilla*, 542 U.S. at 446-47 (citations and footnote omitted).

Jurisdiction is determined as of the time the petition is filed.  *See United States v. Moruzin*, 2012 WL 1890402 (3d Cir. May 25, 2012). *Cf. Padilla*, 542 U.S. at 441 ("when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release"); *Henry v. Chertoff*, 317 F. App'x 178, 179 (3d Cir. 2009) (noting that custody is measured as of the time that the petition was filed).

Here, Petitioner was confined in Alabama, not New Jersey, at the time he filed this Petition.  Moreover, he has not named the custodian at his place of detention in Alabama as a party respondent.  Accordingly, this Court lacks jurisdiction to hear the Petition and will dismiss the Petition without prejudice for

lack of jurisdiction.  This Court expresses no opinion as to the merits of the Petition.

### III. CONCLUSION

For the foregoing reasons, this § 2241 petition is dismissed without prejudice for lack of jurisdiction.  An appropriate Order follows.

*s/ Susan D. Wigenton*
SUSAN D. WIGENTON
United States District Judge

Dated: October 29, 2013